This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 31,263**

**PAUL SAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General

for Appellee

Jacqueline L. Cooper
Nina Lalevic
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for three batteries, one assault, and disorderly conduct. We proposed to affirm in our first calendar notice. After this Court filed its opinion in *State v. Valino*, 2012-NMCA-___, ___ P.3d ___ (No. 30,497, July 27, 2012), we issued a second calendar notice in which we proposed to reverse and remand for a new trial. The State has responded to our second calendar notice with a memorandum in opposition. We have considered the State's arguments. Not persuaded, we reverse.

Defendant appealed his convictions, arguing that it was error to deny his motion for directed verdict based on his claim that there was insufficient evidence that the two security guards were healthcare workers. [DS 3] In our second calendar notice, we proposed to hold that it was fundamental error to fail to instruct the jury on the essential element of knowledge. We also proposed to hold that there was sufficient evidence to support the charge of battery on a health care worker and, therefore, it was not error to deny the motion for directed verdict. The State agrees that the security guards fit within the definition of health care workers under NMSA 1978, Section 30-3-9.2(A)(2) (2006).

The State contends that, based on the facts in this case, the failure to instruct the jury on the element of knowledge did not amount to fundamental error. *See Valino*, 2012-NMCA-___, ¶ 17 (holding that a defendant's knowledge of the victim's status

as a health care worker is an essential element of the crime of battery on a health care worker, and concluding that the failure to instruct the jury on the essential element of knowledge amounted to fundament error). The State refers to language in *Valino* stating that, if a jury's finding of guilt "necessarily includes or amounts to a finding on an element omitted" from a jury instruction, the error is not fundamental. *Id.* ¶ 14 (internal quotation marks and citation omitted). According to the State, Defendant knew he was being treated in a health care facility, and the State claims there is nothing to indicate that Defendant was "unaware of the status of the persons in the facility." [MIO 8] Based on these assertions, the State argues that it can be inferred that Defendant knew the security guards were health care workers, the jury verdict of guilty "necessarily" amounted to a finding that Defendant knew the victims were health care workers, and failure to instruct on the element of knowledge did not amount to fundamental error. [MIO 7-8] Other than the statement that Defendant was aware that he was in a health care facility, the State points to nothing that would support an inference that Defendant would necessarily have been aware that any person that he came in contact with during his treatment in the health care facility was a health care worker. Instead, the State appears to argue that it was up to Defendant to submit evidence to show that Defendant was unaware of the status of the people he encountered during his treatment. However, we note that knowledge of the victim's

status is an element of the crime, and lack of knowledge is not a defense that Defendant needs to establish. Instead, it is up to the State to prove the elements of the crime. Based on the evidence relied on by the State, the jury's finding of guilt in this case did not "necessarily include[] or amount[] to a finding" on the element of knowledge. As discussed in our second calendar notice, the failure to instruct on the element of knowledge amounted to fundamental error.

We reverse and remand for a new trial. We deny the State's motion to stay this case.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**